An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-10

Filed 2 July 2025

Mecklenburg County, No. 23JA000169-590

IN THE MATTER OF: A.E.A.

Appeal by respondent-mother from order entered 3 October 2024 by Judge J. Rex Marvel in Mecklenburg County District Court. Heard in the Court of Appeals 12 June 2025.

> *Miller & Audino, LLP, by Jeffrey L. Miller, for respondent-appellant mother.*
>
> *Senior Associate County Attorney Kristina A. Graham, for petitioner-appellee Mecklenburg County Youth and Family Services.*
>
> *Administrative Office of the Courts, by GAL Attorney Michelle FormyDuval Lynch, for appellee guardian ad litem.*

PER CURIAM.

Respondent-Mother appeals from the trial court's order terminating her parental rights in A.E.A. ("Adam").[1] Respondent-Mother's counsel has filed a no-merit brief on appeal pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate

---

[1] A pseudonym is used to protect the juvenile's identity, pursuant to N.C.R. App. P. 42(b).

Procedure. *See* N.C.R. App. P. 3.1(e). In accordance with the requirements set forth in Rule 3.1(e), counsel states in his brief that "it is counsel's conclusion and opinion that the [R]ecord contains no issue of merit on which to base an argument for relief," and he "requests this Court to conduct a full review of the [R]ecord for such error as may appear in the opinion of the Court[.]" *See* N.C.R. App. P. 3.1(e). Counsel has also advised Respondent-Mother in writing "of her right and option to file a pro se Brief within [thirty] days of the date of the filing of" the no-merit brief, in accordance with the requirements of Rule 3.1(e). *See* N.C.R. App. P. 3.1(e).

Respondent-Mother's counsel refers this Court to the following issues that may arguably support Respondent-Mother's appeal: (1) Whether the trial court's findings of fact support its conclusion of law terminating Respondent-Mother's parental rights based on the ground of neglect, (2) whether the trial court abused its discretion "in deciding the termination proceeding should have priority over the earlier scheduled and pending permanency planning hearing[,]" and (3) whether the trial court abused its discretion in concluding it was in Adam's best interests to terminate Respondent-Mother's parental rights.

This Court conducts an independent "review of the issues contained in a no-merit brief." *In re L.E.M.*, 372 N.C. 396, 402 (2019). Based on our full and independent examination of the Record, including the issues arguably supporting appeal presented by Respondent-Mother's counsel, we conclude the Record contains

no meritorious issue entitling Respondent-Mother to relief.  We therefore affirm the trial court's order.

AFFIRMED.

Panel consisting of Judge ARROWOOD, Judge WOOD, and Judge FLOOD.

Report per Rule 30(e).